UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRIME INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                          NO. 25-2360

SOUTHLAND TRUCK LEASING,                   SECTION "R" (2)
LLC AND N&F LOGISTICS, INC.

**<u>ORDER AND REASONS</u>**

Before the Court is defendant N&F Logistics, Inc.'s ("N&F") motion to dismiss for insufficient service of process and failure to join a party under Rule 19.[1]  Plaintiff, Prime Insurance Company ("Prime"), opposed the motion.[2]  For the following reasons, the Court grants defendant's motion to dismiss for insufficient service of process.

## I.    BACKGROUND

Prime alleges that on December 17, 2024, a truck owned by Southland Truck Leasing, LLC ("Southland") was involved in a ten-vehicle accident on the Lake Pontchartrain Causeway Bridge.  Otis Leonard was allegedly driving the truck in the course and scope of his employment with N&F, Prime's insured, at the time of the accident.  As a result of the accident, at least three

---

[1]    R. Doc. 16.
[2]    R. Doc. 20.

1

lawsuits were filed in the 24th Judicial District Court of Louisiana for personal injuries and property damage.[3]

Prime then filed this lawsuit, seeking a declaratory judgment that under the Commercial Auto Liability Policy Prime issued to N&F, Prime has no duty to defend or indemnify N&F or Southland.[4] Prime alleges that N&F's Policy had effective dates of December 22, 2024 to December 22, 2025 and did not cover the accident taking place on December 17, 2024.[5] Prime further alleges that Southland is not named, identified, or referenced in any way by the policy as a primary or additional insured party.[6]

N&F now moves to be dismissed as a party from the declaratory judgment action on the grounds that Prime failed to serve N&F correctly and more than ninety days have passed since Prime filed the complaint.[7] N&F also moves to dismiss the declaratory judgment action for failure to join indispensable parties.[8]

The Court considers the motion below.

---

[3]    R. Doc. 16-1 at 2.
[4]    R. Docs. 1, 4.
[5]    *Id.*
[6]    R. Doc. 4 at 8.
[7]    R. Doc. 16.
[8]    *Id.*

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a plaintiff's claim if service of process is insufficient under Rule 4 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(5).  "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). In the face of a Rule 12(b)(5) challenge, the party responsible for service bears the burden of establishing that service was valid.

Federal Rule of Civil Procedure 4(h) sets forth procedural requirements to effect service on corporations.  Absent a waiver of service, within the United States, a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the commons and of the complaint" to an officer or authorized agent.  Fed. R. Civ. P. 4(h)(1).

Rule 4(e) provides that a federal litigant may serve an individual defendant by following the procedural methods of service provided by the state in which the district court is located or where service is made, Fed. R. Civ. P. 4(e)(1), or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(e)(2).

## III.  DISCUSSION

Prime, as the party responsible for service, bears the burden of establishing that service was valid.  The manner of service at issue here is that a corporation may be served according to the law of the state in which the district court is located.  Fed. R. Civ. P. 4(h)(1)(A).  Under Louisiana law, a corporation may be served by personal process on its registered agent.  La. Code. Civ. P. art. 1261(A).  If the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service may be made "on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted."  La. Code. Civ. P. art. 1261(B)(2).

It is undisputed that Prime did not serve by personal process N&F's agent, Jin Zhang.  The service return states that service was accepted by an "office assistant" at N&F's home office.[9]  Such service is valid only if there is a certification from the server that the server was unable, after due diligence, to serve the designated agent.  La. Code. Civ. P. art. 1261(B)(2).  As there is

---

[9]    R. Doc. 13.

no such certification in the record, service on N&F was insufficient. *See, e.g.,* *Barrow v. Fair Grounds Corp.*, 782 So. 2d 697, 701-02 (La. App. 4 Cir. 2001) (finding that service on a corporation through its secretary was insufficient without a certification of an unsuccessful attempt to serve the agent with due diligence in the record). The Court grants the motion to dismiss N&F for insufficient service. Prime's claims against N&F are dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). Plaintiff's claims against N&F are DISMISSED WITHOUT PREJUDICE for insufficient service.

New Orleans, Louisiana, this 16th day of June, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE